**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| PATEL HARSHADKUMAR BALDEVBHAI,<br><br>Petitioner,<br><br>v.<br><br>NATHALIE ASHER,<br><br>Respondent. | Case No. C12-375-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Patel Harshadkumar Baldevbhai filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from immigration custody or an individualized bond hearing. (Dkt. No. 4 at 2.) After the habeas petition was filed, petitioner was granted withholding of removal to India and was released from immigration custody. (Dkt. No. 15, Ex. A.) Because petitioner has been released from immigration custody, his habeas petition has become moot and should be dismissed for lack of subject matter jurisdiction.

## II. DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). To maintain a habeas claim,

REPORT AND RECOMMENDATION - 1

however, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, petitioner was been given the relief sought in his habeas petition – release from immigration custody – and, as such, there is no remaining collateral consequence that may be redressed. *See Abdala*, 488 F.3d at 1064 ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). Indeed, petitioner acknowledges that the instant petition is moot because it presents no case or controversy as required under Article III, and urges the Court to dismiss the petition. (Dkt. No. 16.) Because the requested relief is no longer available, the petition for writ of habeas corpus should be denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that this action be dismissed for lack of subject matter jurisdiction. A proposed Order accompanies this Report and Recommendation.

DATED this 27th day of June, 2012.

James P. Donohue
———————————————
JAMES P. DONOHUE
United States Magistrate Judge